**WEN QIU LI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 06–2175–ag.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2006.

---

Benjamin B. Xue, New York, NY, for Petitioner.

Donald W. Washington, United States Attorney for the Western District of Louisiana, Jennifer B. Drago, Assistant United States Attorney, Lafayette, LA, for Respondent.

Present JOSÉ A. CABRANES, ROSEMARY S. POOLER, ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Wen Qiu Li, a native and citizen of the People's Republic of China, seeks review of an April 12, 2006 order of the BIA affirming the December 29, 2004 decision of Immigration Judge ("IJ") Elizabeth Lamb denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Wen Qiu Li*, No. A70 010 745 (B.I.A. Apr. 12, 2006), *aff'g* No. A70

010 745 (Immig. Ct. N.Y. City Dec. 29, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was materially flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

Substantial evidence supports the adverse credibility finding in this case. Most critically, Li's testimony was inconsistent internally and with his two asylum applications as to his wife's[1] alleged forced sterilization with regard to the date, timing in relation to other events, where each of them was when it occurred, and when he first saw her afterward. Additionally, Li was unable to provide the correct dates of birth for two of his children, claimed he had not been able to obtain proof of his wife's sterilization yet submitted a sterili-

---

1. His testimony was also inconsistent as to whether he was ever officially married and

whether and how he was now divorced, and

zation certificate, and repeatedly claimed to be unable to remember critical details. As these discrepancies each go to the heart of Li's asylum claim, the IJ properly relied on them in denying that claim. *See Zhou Yun Zhang*, 386 F.3d at 77. Finally, inasmuch as Li's withholding and CAT claims were also premised on his alleged violation of the birth control policy, the IJ also reasonably denied those claims based on her adverse credibility finding. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

the documents he submitted were insufficient    to clarify this confusion.